IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACIE GOTTFREDSON, | ) |
| Plaintiff, | ) 2:21-CV-471-NR |
| v. | ) |
| MICHAEL J. DONNELLY, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Defendants Michael Donnelly, Hastie Kinter, and the Indiana Printing and Publishing Company move to dismiss Plaintiff Stacie Gottfredson's complaint for lack of subject-matter jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1) & 12(b)(6). Alternatively, they move for a more definite statement. *See* Fed. R. Civ. P. 12(e). For the following reasons, applying the well-settled standard of review for a Rule 12 motion, the motions are **DENIED**.[1]

**1. Amount in Controversy.** Initially, Defendants argue that Ms. Gottfredson fails to satisfy the $75,000 "amount in controversy" requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Ms. Gottfredson responds that Defendants' allegedly wrongful actions caused her to incur tax liability of more than $75,000 and she seeks, among other relief, to compel the issuance of dividends to recover those costs. She also argues that, because she seeks equitable relief, the Court should calculate the jurisdictional amount using the value "of the property right which is being injured." *Weeks v. Am. Dredging Co.*, 451 F. Supp. 464, 466 (E.D. Pa. 1978) (citation omitted). That property right, she says, is her 33.3% share of the

---

[1] The Court writes primarily for the benefit of the parties, who are familiar with the factual allegations in the complaint and the procedural background.

Indiana Printing and Publishing Company, which is purportedly worth more than $300,000.

The Court agrees that, for pleading purposes, Ms. Gottfredson's allegations satisfy the amount-in-controversy requirement. *See Recovercare, LLC v. Fairweather*, No. 09-2911, 2009 WL 2837665, at *3 (E.D. Pa. Sept. 1, 2009) ("Importantly, it is not the value of the alleged loss to that property right that is the measure of the amount in controversy, but the full value of the impinged property right."); *Stevenson v. Severs,* 158 F.3d 1332, 1334 (D.C. Cir. 1998) ("In this case, the district court had original jurisdiction over Stevenson's claim since the amount in controversy from her combined gift tax liability, estate tax liability, and attorneys' fees claims exceeded $75,000."). Defendants' motion to dismiss on this basis is denied.

**2.** **Forum Selection Clauses.** Defendants also argue that the Court lacks jurisdiction because various corporate documents and contracts related to the Indiana Printing and Publishing Company (and possibly an affiliated entity) contain forum selection clauses designating the Court of Common Pleas of Indiana County, Pennsylvania as the venue with jurisdiction over disputes related to those agreements. Even assuming the Court can consider these documents on a motion to dismiss, Defendants simply list the forum-selection provisions without explaining how they apply to Ms. Gottfredson's claims. As far as the Court can tell, Ms. Gottfredson does not assert any breach of the identified agreements, and her claims do not seem to involve a dispute about their validity.

Without any explanation of how these provisions apply to Ms. Gottfredson's breach-of-fiduciary duty or shareholder-oppression claims, the Court fails to see their relevance. *Cf. John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997) ("To say that a dispute 'arise[s] ... in relation to' the 1990 Agreement is to say that the origin of the dispute is related to that agreement, *i.e.*, that the origin of

the dispute has some 'logical or causal connection' to the 1990 Agreement."). Defendants' motion to dismiss on this basis is therefore denied.

**3.** **"Oppressive" Conduct.** Defendants next argue that Ms. Gottfredson has failed to plead "illegal, oppressive, or fraudulent" conduct, as is required to state a claim under 15 Pa. C.S. § 1767. The broadest of these categories is "oppressive" conduct, which Pennsylvania courts have defined as any "conduct that substantially defeats the 'reasonable expectations' held by minority shareholders in committing their capital to the particular enterprise." *Ford v. Ford*, 878 A.2d 894, 900 (Pa. Super. Ct. 2005) (citations omitted). Such conduct broadly "include[s], but [is] not limited to: generally oppressive conduct, the withholding of dividends, restricting or precluding employment in the corporation, paying excessive salaries to majority stockholders, withholding information relating to the operation of the corporation, appropriation of corporate assets, denying dissenting shareholders appraisal rights, failure to hold meetings and excluding the minority from a meaningful role in the corporate decision-making." *Grill v. Aversa*, 908 F. Supp. 2d 573, 593 (M.D. Pa. 2012) (citations omitted).

The Court finds that Ms. Gottfredson has pled sufficient facts to plausibly show that Defendants engaged in "oppressive" conduct. *See, e.g.*, ECF 1, ¶¶ 39-41. To be sure, more context or contrary evidence could well debunk her allegations or cast Defendants' actions in a different light. But whether Defendants' conduct was "oppressive," rather than merely not to Ms. Gottfredson's liking, is a fact-intensive and context-driven inquiry that the Court cannot resolve on a motion to dismiss. At this stage, the Court must "accept[] the allegations as true and draw[] all logical inferences in favor of [Ms. Gottfredson]." *Whitefield v. Nationstar Mortg., LLC*, 434 F. Supp. 3d 238, 243 (E.D. Pa. 2020) (citations omitted). As such, Ms. Gottfredson has provided enough factual "color" to state a plausible shareholder-oppression claim and proceed to discovery. Defendants' motion to dismiss on this basis is denied.

**4. Shareholder Standing.** As for Ms. Gottfredson's breach-of-fiduciary-duty claim, Defendants argue that she lacks standing to sue in her individual capacity, because her claim is, essentially, a "derivative shareholder claim" in which "allegations of oppression are incidental to corporate injuries." ECF 16, p. 12; ECF 17, p. 12. Not so.

Under Pennsylvania law, "[m]ajority shareholders have a fiduciary obligation to minority shareholders of the 'utmost good faith and loyalty.'" *Bair v. Purcell*, 500 F. Supp. 2d 468, 483 (M.D. Pa. 2007) (citations omitted). This duty prevents majority shareholders "from using their power in such a way as to exclude the minority from their proper share of the benefits accruing from the enterprise." *Ferber v. Am. Lamp Corp.*, 469 A.2d 1046, 1050 (Pa. 1983) (citation omitted). What's more, "[t]he imposition of this fiduciary duty gives minority shareholders standing to bring direct actions against majority shareholders alleging shareholder oppression based on a breach of that duty." *Resh v. Bortner*, No. 16-2437, 2016 WL 6834104, at *4 (E.D. Pa. Nov. 21, 2016); *see also Viener v. Jacobs*, 834 A.2d 546, 556 (Pa. Super. Ct. 2003) ("Pennsylvania law holds that an attempt by a group of majority shareholders to 'freeze out' minority shareholders for the purpose of continuing the enterprise for the benefit of the majority shareholders constitutes a breach of the majority shareholders' fiduciary duty to the minority shareholders.").

Ms. Gottfredson therefore has standing to sue for breach of fiduciary duty, so long as the "gist" of her claim "is a direct claim of minority shareholder oppression, as opposed to a broader shareholder derivative claim on behalf of the corporation." *Grill v. Aversa*, No. 12-120, 2014 WL 4672461, at *7 (M.D. Pa. Sept. 18, 2014); *see also Resh,* 2016 WL 6834104, at *5 ("Put differently, although it is undisputed that a minority shareholder is owed a duty and thus *has standing* to bring a direct claim for breach of fiduciary duty, courts are to analyze such complaints to determine whether, in substance, the plaintiff *has* in fact brought such a claim." (emphasis original)).

Upon review, Ms. Gottfredson's fiduciary-duty claim turns on alleged breaches of Defendants' duties to Ms. Gottfredson personally, in her capacity as a minority shareholder. ECF 1, ¶¶ 45–51. For those injuries, she has standing to sue directly. Defendants' motion to dismiss on this basis is denied. This denial is without prejudice to Defendants arguing, at summary judgment or trial, that Ms. Gottfredson lacks standing to demand any relief that does not flow directly from Defendants' alleged breach of their duty to her—such as any relief for injuries that discovery shows were only indirectly suffered by Ms. Gottfredson as a result of Defendants' breach of fiduciary duty to the company itself.

**5. Statute of Limitations.** As a final basis for dismissal, Defendants assert: "Suffice it to say, [Ms. Gottfredson's] alleged claims create an obvious statute of limitations issue." ECF 16, p. 13; ECF 17, p. 13. This does not, in fact, suffice. For while Defendants follow their assertion with a citation to the two-year statutes of limitations for breach of fiduciary duty and fraud, they never explain how Ms. Gottfredson's claims have violated those limits. Moreover, Ms. Gottfredson responded to Defendants' motion by pointing out that she has alleged conduct occurring in 2020 and 2021, and Defendants elected not to reply. At least on this record, then, the Court cannot discern a statute-of-limitations issue. Defendants' motion to dismiss on this basis is also denied.

**6. Motion for More Definite Statement.** In the alternative to dismissal, Defendants request that the Court direct Ms. Gottfredson to plead a more definite statement of her claims, as permitted by Federal Rule of Civil Procedure 12(e). But courts disfavor motions under Rule 12(e) and grant them "only when the allegations lack sufficient specificity to enable a defendant to determine the propriety of interposing his answer with a waivable defense, where the nature of the complaint leaves the defendant unable, without prejudicing itself, to respond with a general denial, or in order to pare down shotgun pleadings." *Powell v. Subaru of Am., Inc.*,

502 F. Supp. 3d 856, 898 (D.N.J. 2020) (cleaned up). The pleadings here are not of that nature, so Defendants' motion for a more definite statement is also denied.

## **CONCLUSION**

For all the reasons discussed above, Defendants' motions to dismiss Ms. Gottfredson's complaint or, in the alternative, motions for a more definite statement are **DENIED**. ECF 14; ECF 15.

DATE: July 2, 2021

/s/ *J. Nicholas Ranjan*
United States District Judge